IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURTIS PRICE | : | CIVIL ACTION |
| AS ACTUALLY INNOCENT | : | |
| aka ABDUL-EL SIDDIQUI KANTAMANTO | : | |
| | : | |
| v. | : | |
| | : | |
| KENNETH P. CAMERON, et al. | : | No. 11-2539 |

**MEMORANDUM**

J. WILLIAM DITTER, JR., Sr. J.                                                                    January 25, 2012

Presently before this court is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Curtis Price and the response thereto.  Price, who is currently incarcerated in the State Correctional Institution in Cresson, Pennsylvania, challenges his incarceration for burglary.  For the reasons that follow, the petition will be dismissed.

**FACTS AND PROCEDURAL HISTORY:**

On October 22, 2007, Price entered a negotiated guilty plea before the Honorable Sandy L.V. Byrd, Court of Common Pleas of Philadelphia County, wherein he pled guilty to burglary as a felony of the first degree in exchange for the dismissal of all other charges through the entry of *nolle prosequi* by the Commonwealth.[1]  Pursuant to the terms

---

[1] Price was initially charged with aggravated assault, burglary, attempted arson, criminal trespass, possession with an instrument of crime, simple assault, recklessly endangering another

of his negotiated plea, Price was sentenced on November 13, 2007, to a period of 5-10 years of imprisonment. Price did not file a motion for reconsideration, a motion to withdraw his plea or a direct appeal.[2]

In April 9, 2008, Price filed a timely petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9541, et seq. Counsel appointed to represent Price in his PCRA matter subsequently filed a letter pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988), certifying that he had reviewed the entire record and concluded that there were no meritorious issues to advance before the PCRA court. Counsel was permitted to withdraw from representation. The PCRA court dismissed Price's petition on August 14, 2009. Price did not appeal.

On August 18, 2010, Price filed a second PCRA petition. The PCRA court dismissed Price's petition as untimely on July 15, 2011.[3] Price did not appeal.

In the meantime, on April 13, 2011, Price filed the instant petition for a federal writ of habeas corpus claiming:

> 1) he is actually innocent of the charges to which he pled guilty because he was under the influence of drugs when the crime was committed;

---

person, and impersonating a public servant. See Written Guilty Plea Colloquy, attached as Ex. "A" to Respondents' Response to Pet. for Writ of Habeas Corpus.

[2]As confirmed by the Philadelphia District Attorney's Office on December 13, 2011, there are no notes of testimony or memoranda written by the courts in this case.

[3]Pursuant to the PCRA, collateral actions must be filed within one (1) year of the date the conviction at issue becomes final. 42 Pa. Cons. Stat. Ann. § 9545(b)(1).

    2) his guilty plea was coerced;

    3) pleas counsel was ineffective; and

    4) he was denied a speedy trial.[4]

Respondents' answer asserts that Price is not entitled to federal habeas relief because his petition is untimely.

**DISCUSSION:**

Section 101 of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996, imposes a one (1) year limitation period to applications for writs of habeas corpus filed by persons in state custody. 28 U.S.C.A. § 2244(d)(1). Section 2244, as amended, provides that the one (1) year limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

---

[4] Price also argues that the Philadelphia County Court of Common Pleas lacked jurisdiction to prosecute him because he was prosecuted by information, rather than indictment, in violation of the Pennsylvania Constitution. See Pet. at p. 9. Petitioner is wrong. The original prohibition against criminal proceedings by information contained in the Pennsylvania Constitution was removed by amendment adopted in 1973 which allowed the courts of common pleas to provide for the initiation of criminal proceedings by information. See Pa. Const. Art. I, § 10. Philadelphia County was approved to initiate criminal proceedings by information on January 1, 1976. See 204 Pa. Code § 201.3.

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The amended statute also provides that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

In the instant case, the applicable starting point for the statute of limitations is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000). Price's conviction became final on December 13, 2007, when he failed to file a direct appeal in the Pennsylvania Superior Court thirty (30) days after the judgment of sentence. See Gonzalez v. Thaler, - S.Ct - , 2012 WL 43513 (U.S. Jan. 10, 2012) (a judgment becomes "final" for purposes of § 2244(d)(1)(A) when the time for seeking direct review in the state court expires). Consequently, Price would normally have had until December 13, 2008, to timely file his § 2254 petition.

However, on April 9, 2008 – 117 days into his one (1) year federal statute of limitations – Price filed his first PCRA petition. Because this petition was filed in accordance with Pennsylvania's procedural requirements, it is considered a "properly filed application" for post-conviction relief, thereby tolling the one (1) year limitation

period. See 28 U.S.C. § 2254(d)(2) (the time during which a "properly filed application" for state post-conviction review is pending shall not be counted toward the one (1) year period of limitation); Artuz v. Bennett, 531 U.S. 4 (2000) ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" such as "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee"). Such a petition is considered "pending" within the meaning of § 2244(d)(2) during the time a state prisoner is pursuing his state post-conviction remedies, including the time for seeking discretionary review of any court decisions whether or not such review was actually sought. See Swartz, 204 F.3d at 424. Price's petition was thus pending until September 13, 2009, when the time for filing an appeal in the Pennsylvania Superior Court expired. At this time, the one (1) year grace period began to run again and Price had 248 days, or until May 19, 2010, to file a timely § 2254 petition.

Price filed his petition on April 13, 2011, over 10 months after the limitation period expired on May 19, 2010.[5] He does not assert that there has been an impediment

---

[5] On August 18, 2010, Price filed a second PCRA petition; however, this petition would not toll the federal statute of limitations because the petition was deemed untimely and thus, was not "properly filed." See 28 U.S.C. § 2254(d)(2); Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (untimely PCRA petition is not "properly filed" application for relief entitled to statutory tolling under 28 U.S.C. § 2254(d)(2)). In any event, the federal limitations period had already expired when the PCRA petition was filed. Long v. Wilson, 393 F.3d 390, 394-395 (3d Cir. 2004) (petitioner's untimely state post-conviction petition, filed after time to file a habeas petition expired, did not toll the federal limitations period). Consequently, Price's second PCRA petition would not impact this court's calculations regarding the one (1) year limitation period.

to filing his habeas petition which was caused by state action, that his petition involves a right which was newly recognized by the United States Supreme Court, or that there are new facts which could not have been previously discovered. See 28 U.S.C. § 2244(d)(1)(B)-(D). Consequently, Price would be barred from presenting his claims under § 2254, unless the instant petition is subject to equitable tolling.

Equitable tolling is available in the context of a federal habeas petition in appropriate cases. See Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). A petitioner bears the burden of establishing his entitlement to equitable tolling through two (2) elements: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Id. at 2562, quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).

Price argues that the federal statute of limitations should be equitably tolled because he is factually and actually innocent.[6] See Pet. at p.17. The Third Circuit has

---

[6]Price has outlined the facts underlying his claim of actual and factual innocence as follows:
> Under Pennsylvania Law[,] a person who is disabled with drugs without his consent or knowledge has a defense to a criminal charge allegedly committed under the influence of the drug. Petitioner was offered a smoke . . . by individuals scheming to rob him, as they did. After being disabled[,] petitioner went to the homes of his route customers seeking help; but the police who were called mistook petitioner for a criminal rather than the victim.

"not decided whether a claim of actual innocence in a habeas petition may equitably toll the one-year statute of limitations under 28 U.S.C. § 2244(d)." Reed v. Harlow, 2011 WL 4914869, at *2 n.2 (Oct. 17, 2011).  Notwithstanding, the Court has stated that if such an exception existed, a habeas petitioner would still have the burden of demonstrating that he exercised reasonable diligence in bringing his claim.  Id.  In the instant case, Price failed to file a direct appeal, failed to properly appeal his collateral appeal, and filed the instant petition over ten months after the expiration of the federal limitation period.  As a result, Price has failed to show that he diligently pursued his claim of actual innocence in either the state or federal courts.  See LaCava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005) (due diligence obligation does not pertain solely to the filing of the federal habeas petition, but rather is an obligation that exists during the period a petitioner is exhausting state court remedies as well).

      I do not find the instant matter to be one of the "rare situation[s] where equitable tolling is demanded by sound legal principals as well as the interests of justice." See Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (requiring that plaintiff has "in some extraordinary way" been prevented from asserting his rights).  Price has not presented any evidence that he either diligently pursued his claims or was prevented in some extraordinary way from doing so.  Because Price has not established "extraordinary" circumstances which would justify application of equitable principles, I find that there are

---

See Pet. at 8.

no circumstances which would make the rigid application of the limitation period unfair. Consequently, Price's petition is dismissed as untimely.

    An appropriate order follows.